J-S35043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE MICHAEL JONES, | |
| Appellant | No. 2959 EDA 2014 |

Appeal from the Judgment of Sentence August 15, 2014
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0006645-2012

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                         **FILED JUNE 23, 2015**

Appellant, Andre Michael Jones, appeals from the judgment of sentence imposed on August 15, 2014, following his open guilty plea to rape of a child and involuntary deviant sexual intercourse (IDSI) with a child.[1] Appellant's counsel has filed a brief and a petition to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

On January 8, 2013, the Commonwealth filed a criminal information charging Appellant with ten counts of rape of a child, ten counts of statutory

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c) and 3123(b), respectively.

sexual assault, thirty counts of IDSI, thirty counts of aggravated indecent assault, and one count each of endangering the welfare of a child and corruption of minors. (*See* Information, 1/08/13, at unnumbered pages 1-11). The charges arose from Appellant's over five-year sexual abuse, beginning when she was nine years old, of his stepdaughter. (*See id.*; *see also* Trial Court Opinion, 12/08/14, at 1-2).

On March 12, 2014, the date scheduled for trial, after discussion with counsel, Appellant entered an open guilty plea to one count of rape of a child and one count of IDSI. (*See* N.T. Guilty Plea, 3/12/14, at 3-6). In return for Appellant's guilty plea, the Commonwealth agreed not to seek any mandatory minimum sentences and to *nol pros* the remaining counts at the time of sentencing. (*See id.* at 6-7, 20). Appellant signed both a written guilty plea colloquy and a special addendum to the guilty plea for sex offenders. (*See* Written Guilty Plea, 3/12/14, at 9; Addendum to Guilty Plea Colloquy, 3/12/14, at unnumbered page 7).

At the plea hearing, Appellant expressed his satisfaction with counsel's stewardship and stated that he was pleading guilty of his own free will. (*See* N.T. Guilty Plea, 3/12/14, at 9, 14, 19). He acknowledged that he had signed the written plea colloquy and addendum, and agreed that the plea was an open guilty plea. (*See id.* at 8-10, 19). Appellant further agreed that he was guilty of the charges, and that he understood the possible maximum sentencing exposure. (*See id.* at 13, 16).

At the sentencing hearing, on August 15, 2014, following a review of the Pre-Sentence Investigation Report (PSI), the victim read a letter to the court and the Commonwealth presented a victim impact statement from the victim's mother. (**See** N.T. Sentencing, 8/15/14, at 3, 6-12). Appellant presented the testimony of a friend, one of his sisters, his brother, and submitted a letter from a second sister. (**See id.** at 12-23). Appellant also testified on his own behalf. (**See id.** at 24). The trial court imposed a sentence in the standard range of not less than twenty nor more than forty years of incarceration on the charge of rape of a child. (**See id.** at 41). On the charge of IDSI, the trial court sentenced Appellant to ten years of probation; Appellant was to serve it consecutively to the sentence for rape of a child. (**See id.**).

On August 22, 2014, Appellant filed a motion for reconsideration of sentence claiming that, during its argument at sentencing, the Commonwealth "made references to numerous allegations regarding the underlying crimes that were [not] specifically admitted to by [Appellant] at his guilty plea. . . ." (Motion for Reconsideration of Sentence, 8/22/14, at unnumbered pages 1-2). The trial court denied the motion for

reconsideration on September 15, 2014. (*See* Order, 9/15/14, at 1). The instant, timely appeal followed.[2]

On appeal, the *Anders* brief raises the following questions for our review:

> Was Appellant's guilty plea to rape of a child and IDSI with a child not knowingly, intelligently, and voluntarily made as a result of the ineffective representation of his trial counsel?
>
> Did the trial court abuse its discretion when it sentenced Appellant to a term of twenty (20) to forty (40) years in prison for the offence of rape of a child?

(*Anders* Brief, at 5).

Appellant's counsel has petitioned for permission to withdraw and has submitted an *Anders* brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. *See Anders*, *supra* at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> . . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[2] Appellant has complied with all the requirements of Pa.R.A.P. 1925(b). (*See* Concise Statement of Errors Complained of on Appeal, 10/28/14, at unnumbered pages 1-5). The trial court filed an opinion on December 8, 2014. *See* Pa.R.A.P. 1925(a).

*Santiago*, *supra* at 361. When we receive an *Anders* brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. *See Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of *Anders* and *Santiago*. Specifically, he has petitioned this Court to withdraw because "[t]here [are] no non-frivolous issues to be addressed[.]" (Petition for Leave of Court to Withdraw as Appellate Counsel, 3/15/15, at unnumbered page 3). In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous. (*See Anders* Brief, at 6-32). Lastly, he has attached, as an exhibit to his petition to withdraw, a copy of the letter sent to Appellant giving notice of his rights, and including a copy of the *Anders* brief and the petition. (*See* Petition for Leave of Court to Withdraw as Appellate Counsel, 3/15/15, at unnumbered pages 5-6); *see also Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005). Appellant has not filed a response. Because counsel has substantially complied with the dictates of *Anders*, *Santiago*, and *Millisock*, we will

examine the issues set forth in the *Anders* brief that counsel believes have arguable merit. *See Garang*, *supra* at 240-41.

The *Anders* brief first alleges that Appellant's guilty plea was not knowing, intelligent, and voluntary. Specifically, the *Anders* brief claims that Appellant received ineffective assistance of plea counsel who assured him that he would receive a lesser sentence. (*See Anders* Brief, at 21). However, this claim is premature.

As counsel acknowledges in the *Anders* brief, (*see Anders* Brief, at 22), Appellant must raise claims of ineffective assistance of counsel on collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). Accordingly, we dismiss this claim without prejudice for Appellant to seek collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, in accordance with the Pennsylvania Supreme Court's opinion in *Commonwealth v. Grant*, 813 A.2d 726, 737 (Pa. 2002). *See Holmes*, *supra* at 576.

The *Anders* brief next challenges the discretionary aspects of Appellant's sentence.[3] (*See Anders* Brief, at 25-32). The right to appeal the discretionary aspects of a sentence is not absolute. *See*

_____

[3] We note that Appellant preserved his discretionary aspects of sentence claim by filing timely post-sentence motions for reconsideration of sentence. (*See* Motion for Reconsideration of Sentence, 8/22/14, at unnumbered pages 1-2); *see also McAfee*, *infra* at 275.

***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" ***Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we have found that a substantial question exists. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphases in original).

Here, counsel has included a Rule 2119(f) statement in the ***Anders*** brief. (***See Anders*** Brief, at 19-20). It states that the trial court failed to consider mitigating circumstances such as Appellant pleading guilty to spare the victim from having to testify and the strong family support displayed at the sentencing hearing. (***See id.***). It also claims that, at sentencing, the

Commonwealth improperly argued "facts relating to cases for which he was not convicted in arguing for a sentence at the top of the standard range . . . ." (*Id.* at 20). However, in his Rule 2119(f) statement, the *Anders* brief concedes that Appellant's sentence was in the standard range of the Sentencing Guidelines. (*See id.* at 19). It also acknowledges that the trial court had the benefit of a PSI, and that such sentences "are presumed to be reasonable." (*Id.* at 31); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

Initially, we hold that Appellant waived his claim that the sentencing court did not properly consider mitigating circumstances. Appellant did not raise this claim in his post-sentence motion, in which he only raised the issue that the Commonwealth "made references to numerous allegations regarding the underlying crimes that were [not] specifically admitted to by [Appellant] at his guilty plea. . . ." (Motion for Reconsideration of Sentence, 8/22/14, at unnumbered pages 1-2). An appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; further, an appellant cannot raise an issue for the first time on appeal.[4] *See*

_____

[4] We note that Appellant did raise the issue regarding the failure to consider mitigating circumstances in his Rule 1925(b) statement. (*See* Concise Statement of Errors Complained of on Appeal, 10/28/14, at unnumbered pages 1-5). However, an appellant cannot raise issues for the first time in a Rule 1925(b) statement. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived).

*(Footnote Continued Next Page)*

*Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); *see also* Pa.R.A.P. 302(a); *Commonwealth v. Hanford*, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal). Thus, Appellant did not preserve this claim for our review and we deem it waived.[5]

The *Anders* brief also alleges that the trial court improperly allowed the Commonwealth to present evidence of uncharged crimes. (*See Anders* Brief, at 28). However, as it acknowledges, (*see id.*), this Court has long held that such a claim does not raise a substantial question. *See Commonwealth v. Frank*, 577 A.2d 609, 622 (Pa. Super. 1990), *appeal*

(Footnote Continued) ———————————

[5] Even if Appellant had preserved the claim, it is well settled that a claim "that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009) (citation omitted). Further, "[w]here the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (quotation marks and citations omitted). Thus, Appellant's claim that the sentencing court abused its discretion by failing to consider mitigating factors does not present a substantial question. Had Appellant preserved the claim, we would have declined to review the issue.

*denied*, 584 A.2d 312 (Pa. 1990) (reaffirming judge may consider uncharged criminal activity in determining appropriate sentence; claim did not raise substantial question).

Moreover, even if we were to find that the claim raised a substantial question, we would find the claim waived. The **Anders** brief fails to specify which arguments made by the Commonwealth were allegedly improper, does not to cite to the record, and neglects to point to any evidence that the trial court relied upon any uncharged crimes in imposing sentence. (**See Anders** Brief, at 28-29). We note that it is Appellant's responsibility to develop arguments in his brief; where he has not done so we will find the claim waived. **See In re R.D.**, 44 A.3d 657, 674 (Pa. Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012).

Appellant's issues do not merit relief. Further, this Court has conducted an independent review of the record as required by **Anders** and **Santiago** and finds that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judges Mundy and Olson concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2015